## STAPLETON vs. BENSON.

Under the plea of *non est factum*, the defendant will not be allowed to prove " that the bond sued on was a stake put up by the defendant against a similar bond executed by the plaintiff, as a wager upon the election of president of the United States," such defence being irrelevant to the issue.

Under this plea, it may be shown, that the defendant was a lunatic or a married woman, or that the bond was delivered as an escrow, or that it was altered : but where the defendant relies on matter extraneous, such as infancy or duress, usury or gaming, the facts must be specially pleaded.

## APPEAL from Howard Circuit Court.

CLARK, BELT, *and* KIRTLEY, *for Appellant.*

1. Court erred in not permitting question to be put to jurors respecting their opinion as to bet made in this case, and whether, if the same was made on presidential election, they had a fixed opinion to find against such defence.—See Black. Com., 3d vol., (side-paging) 357–63, and notes, as to challenges of jurors *propter affectum.*

2. Court erred in not permitting defendant to prove, under his plea of "*non est factum,*" that said bond sued upon was executed as a wager and bet upon the presidential election of 1840, and for no other purpose and on no other consideration whatever, and in excluding all evidence given from the jury, on the ground that said defence, under the plea pleaded by Stapleton, was irrelevant, and was not available under general issue plea.—See Rev. Code, 1835, p. 290, sec. 5.

3. This being a bet on presidential election, is void within our statute against gaming, and defence is proper under " *general issue.*"—See 4 Mo. Rep., 536; Shrop-

---

*Stapleton* vs. *Benson.*

---

shire *vs.* Glascock & Garner, 4 Mo. Rep., 599; Boynton *vs.* Curl, and authorities there cited; Lyndell *vs.* Longbottom, 2 Wilson, 36; Goodburn *vs.* Marley, 2 Strange, 1159.

4. Court erred in granting eighth instruction asked by plaintiff.

As to ninth instruction asked and granted, it has been decided by this Court that want of affidavit only exonerates plaintiff from proof of manual execution of instrument sued on, and defendant may still, under his plea, prove the instrument not to be *his*, on account of alteration, duress, coverture, illegality of consideration, &c.— See Labeaume *vs.* Labeaume, and Hanley's *Administrator vs.* Reed, 1 Mo. Rep., 487, and Bates *vs.* Hinton, 4 Mo. Rep., 79.

5. Court erred in not hearing testimony as to the mutilation of the bond sued on, and in not withholding said bond from the jury.—See Jardine *vs.* Payne, 1 B. and Adol., 671; Sweeting *vs.* Halse, 9 B. and C., 365; Penny *vs.* Corwithe, 18 John., 500.

HAYDEN, *for Appellee.*

1. Did the court err in refusing the defendant liberty, in selecting the jury, to put the question to them, whether they had any fixed opinion that they would find against the defendant if the bond sued on should be clearly proved to have been staked as a wager on the presidential election?

2. Whether the instructions given the jury upon the motion of the plaintiff were correct or not.

3. Whether the finding of the jury was against law and evidence, and ought to have been set aside, and a new trial granted.

*1st Point.*—The counsel for Benson, in argument, will insist before the court that the defendant had no right to test the qualification of the jurors by putting the question which he proposed to put, and which the court refused him liberty to put; because the issue made in the cause for the trial by the jury was not such as to authorize the introduction of any evidence to show that the bond had been staked as a wager upon the presidential election; therefore, it was wholly immaterial what opinion the jurors had (if any) upon the point inquired about, &c.

2d. That the court instructed the jury correctly, and did not err in giving the instructions prayed for by plaintiff; because, in truth, the issue made by the pleadings imposed on the jury no other duty than to ascertain and determine whether the bond sued on was the bond of defendant and the amount due thereon, with the interest which had thereon accrued.

That the bond sued on was not, and is not, (supposing it to have been made as a stake upon the presidential election,) within the influence of our statute making bonds, &c., void when founded upon a gaming consideration.— See Digest of 1835, page —.

3d. That the court did right in overruling the motion for a new trial, for two good reasons: first, the finding was with the weight of evidence; and, second, if it were against the weight of evidence, the court did right in overruling the motion to enable the defendant to embrace a second chance of sustaining an unconscionable defence.

·NAPTON, J., *delivered the opinion of the Court.*

This was an action of debt, brought by Benson against Stapleton, on the following note : —

"On the 25th day of December, 1840, we promise to pay J. H. Benson the sum of one thousand dollars, in good and lawful money of the United States. As witness our hands and seals, this 3d day of December, 1838."

"HARRISON STAPLETON."

[*and others.*]

Stapleton pleaded *non est factum*, without affidavit, upon which issue was taken ; the parties went to trial, and a verdict and judgment were had for plaintiff. From the bill of exceptions, it appears, that when the jurors were about to be sworn to try the cause, the defendant offered to ask said jurors, severally, whether they had any fixed opinion that they would find against the defendant if the bond sued on should be clearly proved to have been staked as a bet upon the last election for president: but the court, upon objections being made to such questions, would not permit them, and exceptions were saved to the action of the court on this head.

On the trial, the plaintiff offered in evidence the bond of defendant and others, whereupon the defendant offered to prove that a portion of the bond sued on, with writing thereon, had, after the execution of the bond, been torn off by the plaintiff, without the knowledge or consent of the defendant; but the court overruled this application, and permitted the bond to go in evidence. The defendant then offered to prove to the jury that the bond sued on was a stake put up by the defendant and his co-obligors, against a similar bond executed by plaintiff, as a wager upon the election for president of the United States ; that said bond was given for no other purpose or consideration, and that plaintiff and defendant were legal voters ; but the court rejected the same as irrelevant to the issue.

The defendant then introduced testimony, with a view to establish an alteration in the bond made by Benson without the knowledge of the defendant. This testimony it is not material to notice here, as the instructions of the court on that head were ample and satisfactory to the defendant; and the finding of the jury, upon correct instructions and a contrariety of testimony, cannot be disturbed by this Court.

The opinion delivered in the case of Hickerson *vs.* Workman & Benson, at the present term of this Court, embraces the point arising in the present case, concerning the illegality of the wager. It remains to be determined whether, aside from our statute concerning gaming, the defence offered could be given in evidence under the plea of *non est factum.*

The plea of *non est factum* put in issue the fact, whether the instrument was the deed of the defendant, and under this plea it may be shown that defendant was a lunatic or a married woman, or that it was delivered as an escrow, or that it was altered; but where the defendant relies on matter extraneous, such as infancy or duress, usury or gambling, the facts must be specially pleaded. (2 Tuck. Com., 104; 2 Chitty, 266.) The rule on this head is clearly stated by Starkie. (See Starkie's Ev., vol. 2, p. 381.) "The defendant cannot, under this plea,

give any matter in evidence which avoids the deed, either at common law or by statute, unless it impeach the execution or continuance of the deed; and therefore cannot give in evidence, that the deed is void for usury, or that the bond was delivered to the plaintiff himself upon a condition not performed; or to a stranger, but not as an escrow." Occasional *dicta* may be found conflicting with this rule, but I have not seen any adjudged case in which a contrary doctrine has been held.

This being the settled rule in relation to the admissibility of the evidence sought to be introduced in the Circuit Court, under the plea of *non est factum*, it follows, that the court did right in not permitting the jurors to be examined about their opinions of such defences. Whether, under any state of pleading, these queries would have been proper, it is not now necessary to determine.

With regard to the course of the Circuit Court, in allowing the plaintiff to read the bond of the defendant, notwithstanding the defendant offered to prove an alteration of it without his consent, it is sufficient to observe, that it appears from the bill of exceptions, that all the testimony rejected then was subsequently submitted to the jury on the trial of the issue. The plea of *non est factum* not having been sworn to, the bond was admissible in evidence without proof of its execution. In this there was no error.

Judgment affirmed.

TOMPKINS, J.—I dissent from the opinion of the Court in all the cases founded on wagers on the presidential election, believing that they all are within the statute of 1835 concerning gaming.